IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| VIRGINIA CHAMBERS, surviving spouse of Bobby Lee Chambers on behalf of all legal heirs of Bobby Lee Chambers; VIRGINIA CHAMBERS, executor of the estate of Bobby Lee Chambers, | * * * * * | |
| Plaintiffs, | * | CASE NO. 4:15-CV-68 (CDL) |
| vs. | * * | |
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., | * | |
| Defendant. | * | |

O R D E R

Plaintiff Virginia Chambers moved for reconsideration of this Court's Order (ECF No. 44), which granted in part and denied in part Defendant's motion for summary judgment and motion in limine. Local Rule 7.6 provides that motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. R. 7.6. Generally, such motions will only be granted if the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the court made a clear error of law or fact. *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009). Plaintiff does not contend that there has been an intervening change in the law or that new

evidence has been discovered.  Instead, she argues that this Court erred by (1) finding that she abandoned her negligence, negligent misrepresentation, fraud, fraudulent concealment, breach of express warranty, breach of implied warranty, and negligence per se claims and (2) granting summary judgment on her design defect claim.  As explained in the remainder of this Order, Plaintiff's motion is denied regarding her abandonment of claims but granted as to her design defect claim.

Boehringer's motion for summary judgment emphasized some claims more than others.  But the Court is unaware of any principle of law that excuses a party from responding to a request for summary judgment simply because the argument in favor of it is included in a footnote.  Plaintiff's failure to respond authorizes a finding that she abandoned those claims.  A review of Defendant's briefing makes it clear that Plaintiff was put on notice that Defendant sought summary judgment on the abandoned claims.  *See* Def.'s Mem. in Support of Mot. for Summ. J. 17 n.9, ECF No. 30-1 (arguing that Plaintiff's negligence claim has "no independent legal import"); *id*. at 6-7 n.2 (arguing that her negligent misrepresentation, fraud, fraudulent concealment, breach of express warranty, and breach of implied warranty claims "simply reflect nothing more than her central failure to warn claim repackaged with a different title, and should be dismissed as duplicative"); *id*. (arguing that both her

2

breach of warranty claims fail for lack of privity); *id*. at 15-16 n.8 (arguing that her negligence per se claim is preempted). Because Plaintiff did not respond to these arguments, summary judgment on these claims is proper. *See Adkins v. Christie*, 491 F. App'x 996, 998 (11th Cir. 2012) (per curiam) (citing *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)) (concluding that the district court did not err in dismissing one of plaintiff's claims when plaintiff did not respond to defendant's motion for summary judgment on that issue).

Plaintiff also maintains that the Court erred by granting summary judgment in favor of Defendant on her design defect claim. She first reargues the issue of whether Praxbind, the Pradaxa reversal agent, can be considered a design feature of Pradaxa. The Court decided this issue in its earlier Order, and declines to revisit it now.

Plaintiff next argues that she has a design defect claim based upon a failure to include adequate warnings with Pradaxa, separate and apart from the Praxbind issue. The Court did not understand Chambers to be asserting such a claim when it issued its previous summary judgment order. Chambers clarifies in her motion for reconsideration that "[t]he law cited and evidence presented . . . as well as the findings by the Court related to Plaintiff's failure to warn claims, all support Plaintiff's

3

design defect claim for *failure to provide a more robust warning*." Pl.'s Mot. for Recons. 3, ECF No. 48 (emphasis added); *see also* Pl.'s Resp. to Def.'s Mot. for Summ. J. 14-16, ECF No. 35 (arguing that such a claim should not be preempted). Boehringer contends that such a claim would collapse the well-recognized distinction between failure to warn and design defect theories of product liability. Notwithstanding its protestation, Defendant failed to distinguish Georgia law, which does in fact recognize that "adequate warnings as to the proper or safe use of a product are part of the total design package of the product," *Boyce v. Gregory Poole Equipment Co.*, 605 S.E.2d 384, 390 (Ga. Ct. App. 2004); and that "some products are defective solely due to an inadequate or absent warning." *Chrysler Corp. v. Batten*, 450 S.E.2d 208, 211 (Ga. 1994). Defendant's counsel did not point the Court to any authority that supports the argument that an inadequate warning cannot support a design defect claim. Because Georgia law appears to provide specifically for a design defect claim based solely on an inadequate warning and the Court has been pointed to no contrary Georgia authority, the Court holds that such a claim can be maintained in this action. And for the reasons set forth in the Court's summary judgment Order, the Court reiterates that a fact question exists about the adequacy of Pradaxa's warnings. Furthermore, unless a defendant shows "plainly and indisputably

an absence of *any* evidence that a product as designed is defective[,]" then the risk-utility analysis should be left to the jury.  *Ogletree v. Navistar Int'l Transp. Co.*, 522 S.E.2d 467, 470 (Ga. 1999).  Therefore, Plaintiff's design defect claim based on inadequate warning, as clarified in her motion for reconsideration, survives summary judgment.

This case shall proceed to trial in August 2018 on Plaintiff's failure to warn claim as explained in the Court's earlier Order (ECF No. 44 at 40) and design defect claim based on inadequate warning.  The Court's previous order regarding Praxbind remains undisturbed, and thus Plaintiff's design defect claim shall not rely in any way on Praxbind.

CONCLUSION

For the preceding reasons, Plaintiff's motion for reconsideration (ECF No. 48) is granted in part and denied in part.

IT IS SO ORDERED, this 13th day of February, 2018.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA