# EXHIBIT 2

```
NO:  X03-HHD-CV16-60607796S          :  SUPERIOR COURT

GERALYNN BOONE, ET AL                :  JUDICIAL DISTRICT
                                        OF HARTFORD

v.                                   :  AT HARTFORD, CONNECTICUT

BOEHRINGER INGELHEIM                 :  FEBRUARY 28, 2018
PHARMACEUTICALS, INC., ET AL
```

BEFORE THE HONORABLE INGRID L. MOLL, JUDGE,
AND A JURY

A P P E A R A N C E S:

　Representing the Plaintiffs:

　　ATTORNEY NEAL L. MOSKOW
　　Ury & Moskow, LLC
　　883 Black Rock Turnpike
　　Fairfield, Connecticut  06825

　　ATTORNEY ELLEN A. PRESBY
　　The Nemeroff Law Firm
　　2626 Cole Avenue, Suite 450
　　Dallas, Texas  75204

　　ATTORNEY C. ANDREW CHILDERS
　　Childers, Schlueter & Smith, LLC
　　1932 North Druid Hills Road/Suite 100
　　Atlanta, Georgia  30319

　Representing the Defendants:

　　ATTORNEY PAUL SCHMIDT
　　ATTORNEY PHYLLIS A. JONES
　　ATTORNEY MICHAEL X. IMBROSCIO
　　ATTORNEY GREGORY HALPERIN
　　Covington & Burling LLP
　　One City Center
　　850 Tenth Street, National Waste
　　Washington, DC  20001

　　ATTORNEY PATRICK FAHEY
　　Shipman & Goodwin
　　One Constitution Plaza
　　Hartford, Connecticut  06103

　　　　　　　　　　　　　　　　　Recorded By:
　　　　　　　　　　　　　　　　　Tammy Mullett

　　　　　　　　　　　　　　　　　Transcribed By:
　　　　　　　　　　　　　　　　　Tammy Mullett
　　　　　　　　　　　　　　　　　Court Recording Monitor
　　　　　　　　　　　　　　　　　101 Lafayette Street
　　　　　　　　　　　　　　　　　Hartford, CT  06106

1   ATTY. SCHMIDT: Yeah, I think on our end we
2   still have a concern about the timing, but if you are
3   pulling down witnesses, which we haven't heard, that
4   helps a lot.
5   THE COURT: Okay. So when they come in I will
6   tell them that we will still endeavor to, you know,
7   be done by March 23rd but to emphasize that there are
8   of course no guarantees.
9   ATTY. MOSKOW: Judge, one scheduling issue
10  that's come up for Friday, would it be possible to
11  start at 9:30 on Friday as opposed to 10 just this
12  once? Dr. Fierstein is -- that's the day he has
13  available, and to give us the largest possible
14  latitude to get him completed in one day, I think
15  that would be helpful.
16  THE COURT: And does BI have any issue with
17  that?
18  ATTY. JONES: No, Your Honor.
19  THE COURT: No? Okay. That's fine. And make
20  sure I tell the jury that. But that's fine.
21  Okay. So let's turn then to the issue that was
22  raised this morning in terms of particular proposed
23  exhibits that are disputed with regard to Dr.
24  Plunkett's testimony. All right.
25  ATTY. HALPERIN: Your Honor, we met and
26  conferred with plaintiff's counsel as requested. I
27  think we're still far apart and I just want to say

1    two very brief things about the references in her
2    report.  One, their reference is to the entire
3    deposition transcripts without any reference to
4    specific exhibits or specific portions of those
5    depositions.  And, in fact, when we asked her in her
6    deposition did you read all of those seven
7    depositions that are actually cited directly in her
8    report, she said, quote, I think in my report I
9    cite -- I cite to, I think, seven different
10   depositions, I believe that's correct.  And I didn't
11   read every page of every one.
12       So we have no clue which pages she read, which
13   exhibits pertain to those pages, so that's issue
14   number one.
15       Issue two is that in the vast majority of
16   instances where there are depositions cited directly
17   in the report, they're cited for very specific
18   propositions that aren't relevant to the exhibits
19   that were disclosed.  So I'll give you one for
20   example; this is on page -- paragraph 73 of her
21   report at page 49.  BIPI, B-I-P-I, performed detailed
22   analyses of the data which unfortunately were not
23   widely disseminated and were not shared with the FDA;
24   see deposition of Michelle Kliewer.
25       The exhibits that were not disclosed don't go to
26   the issue of disclosure to the FDA in the vast
27   majority if not all instances, so the fact that they

1      cited an entire deposition transcript for a specific
2      proposition other than the exhibits they want to use
3      we'd say doesn't cure the nondisclosure problem.
4             THE COURT:  Attorney Childers, are you arguing
5      this?
6             ATTY. CHILDERS:  Yes, Your Honor.
7             THE COURT:  All right.
8             ATTY. CHILDERS:  Thank you.  Your Honor, we
9      believe that Dr. Plunkett's report and deposition
10     sufficiently complied with the *Practice Book* Section
11     13-4(b)(3), which requires that we identify materials
12     if they'd already been produced to the parties with
13     sufficient particularity that the materials can be
14     easily identified.
15            We identified depositions which have a list at
16     the very beginning of each deposition of the specific
17     exhibits that are attached thereto.  This practice
18     was also done by the defendants.  We believed we had
19     complied at her deposition.  Dr. Plunkett actually
20     brought additional documents for them to review that
21     they didn't review, that they didn't mark, and they
22     did not attach to her deposition.
23            In her report -- and I will go through -- and I
24     apologize, Your Honor, but I want to just make a
25     record for each particular exhibit that's been
26     objected to.  In her report she states in paragraph
27     eight that she relied on exhibits to depositions and

```
 1            deposition testimony of company representatives and
 2            then goes through her report and cites particular
 3            depositions that she relied on.
 4                 For Exhibit No. 6, which is in dispute, that
 5            appeared in Dr. Friedman's* deposition, and she
 6            refers to Dr. Friedman's deposition on page 50 of her
 7            report specifically.  Exhibit 14 appears as an
 8            attachment to Michelle Kliewer's deposition and she
 9            referred to Michelle Kliewer's deposition in six
10            different places in her report:  paragraph 60, 61,
11            66, 68, 71 and 73.  Document 15 is an exhibit to Dr.
12            Heinrich-Nols' deposition, and Dr. Henrich-Nols'
13            deposition is referred to in in paragraph 50 of Dr.
14            Plunkett's report.  Document 18 appears in Dr.
15            Brueckmann's deposition and she refers to Dr.
16            Brueckmann's deposition in paragraph 68 of the
17            Plunkett report.  Document 21 appears in the
18            deposition of Professor Dr. Barner.  His deposition
19            was taken after Dr. Plunkett's report was concluded
20            and her deposition.  And in her report she
21            specifically noted that she anticipated reviewing
22            depositions and/or reports of experts in the
23            litigation as they become available.  That deposition
24            didn't exist at the time this report was prepared or
25            at the time that she was deposed.
26                 THE COURT:  And there was no supplemental list
27            provided.  Correct?
```

1    ATTY. CHILDERS:  Correct.  That's correct; until
2    the documents were identified to defendants as part
3    of the trial procedure.
4    Exhibit No. 24 --
5    THE COURT:  Well, I'm not sure we need to go
6    through these one by one now.  I mean, it's not as
7    though you're moving for their admission now.  I
8    mean, my general reaction to this is that simply
9    citing to a very general statement in the expert
10   report that Dr. Plunkett reviewed, you know,
11   deposition testimony of company representatives and
12   then later makes specific citations to assertions in
13   certain depositions is not sufficient under *Practice*
14   *Book* 13-4(b)(3) to state with sufficient
15   particularity that all of the exhibits to a
16   particular deposition were reviewed.  I mean, the
17   rule clearly says you either upon request provide the
18   universe of materials, you know, provided to or
19   relied upon by the expert, or if they've already been
20   provided relating to some other request, that you
21   identify with sufficient particularity.
22   How would BI be able to know that any particular
23   deposition exhibit was reviewed in the absence of
24   some statement that, you know, she reviewed Dr. so-
25   and-so's transcript and all exhibits thereto?
26   I'm not sure if you were distracted during my
27   questioning --

1           ATTY. CHILDERS:  I apologize.  I thought you
2       were making a statement.  I'm sorry, Your Honor.
3           THE COURT:  No, that was a question.  I mean,
4       how would BI be able to know based on these very
5       general statements that Dr. Plunkett -- or in the
6       absence of deposition testimony that supplemented it,
7       that Dr. Plunkett reviewed particular deposition
8       exhibits to particular depositions?
9           ATTY. CHILDERS:  I believe by saying that you
10      reviewed the deposition and all of the exhibits
11      thereto that that satisfies that.
12          THE COURT:  Well, so with -- let's take, then,
13      one example --
14          ATTY. CHILDERS:  Yes, ma'am.
15          THE COURT:  -- of a -- it's funny to hear ma'am.
16          ATTY. CHILDERS:  I'm sorry.  I'm from --
17          THE COURT:  You don't hear that too much in the
18      North.  That's all right.
19          ATTY. CHILDERS:  I'm from Georgia.  I apologize.
20          THE COURT:  All right.  Everyone's laughing, for
21      the record.
22          Okay.  No, I'm not offended by it.
23          So let's take Exhibit 6.  You identified Exhibit
24      6 as one of the exhibits in dispute.  So what is
25      Exhibit 6 and where is it identified in her report or
26      depo transcript?
27          ATTY. CHILDERS:  The actual exhibit itself?

```
 1            It's not.
 2                 THE COURT:  Okay.  So Exhibit 6 was a deposition
 3            exhibit to whose deposition?
 4                 ATTY. CHILDERS:  Dr. Friedman.
 5                 THE COURT:  And where in the report or depo
 6            transcript does she refer to Dr. Friedman's
 7            deposition and exhibits thereto?
 8                 ATTY. CHILDERS:  She refers to, in paragraph 50,
 9            depositions of several BI employees, including Dr.
10            Friedman.  She doesn't testify right there in the
11            exhibits thereto.  In the beginning of her deposition
12            she states that she reviewed the exhibits to the
13            depositions.
14                 THE COURT:  So when you say that earlier in the
15            report there's a reference to depositions and
16            exhibits thereto, where are you referring?
17                 ATTY. CHILDERS:  On page three going onto page
18            four when she describes the information she reviewed.
19            In subsection E and F she says documents produced as
20            exhibits to depositions in E and F is deposition
21            testimony of company representatives.  And then in
22            the body --
23                 THE COURT:  So --
24                 ATTY. CHILDERS:  I'm sorry, Your Honor.
25                 THE COURT:  Well --
26                 ATTY. CHILDERS:  And then in the body she refers
27            to the specific depositions.  So the way this is set
```

1    up, while not obviously perfect or we wouldn't be
2    here arguing this, she explains how she's reviewing
3    the materials and then refers to the specific
4    materials that she is relying on.  Clearly we didn't
5    set this up in a way that makes it as clear as it
6    should be.  But I believe that that satisfies the
7    obligation under the *Practice Book.*
8         THE COURT:  And the list that's provided at the
9    end of the report entitled "Documents reviewed and/or
10   relied upon" I guess at Appendix C, I gather that
11   those Bates numbers do not include what we're
12   referring to as Exhibit 6.
13        ATTY. CHILDERS:  Correct.
14        THE COURT:  All right.  Well --
15        ATTY. CHILDERS:  I believe the -- and I'm sorry,
16   Your Honor.
17        THE COURT:  That's all right.
18        ATTY. CHILDERS:  I believe the -- either all or
19   the majority of the documents that are Bate stamped
20   there are not exhibits to depositions.  And so they
21   were additional to the exhibits to the deposition.
22   There may be some that overlap but my understanding
23   was that was how that was put together.
24        THE COURT:  And it doesn't appear in the list
25   thereafter that identifies all of the various
26   scientific journal articles.
27        ATTY. CHILDERS:  No, Your Honor, it's not an

1         article, it's an internal company email from Dr.
2         Friedman.
3              THE COURT:  All right.  So let me ask a related
4         question, which is just because an expert relies on a
5         document doesn't mean the document itself obviously
6         comes in.  So you're going to try to get in the
7         particular company document at Exhibit 6 through Dr.
8         Plunkett.
9              ATTY. CHILDERS:  May I allow Attorney Moskow to
10        respond to that because I have not been here for how
11        the mechanics of all that works --
12             THE COURT:  Okay.
13             ATTY. CHILDERS:  -- and I don't want to
14        misstate, Your Honor?
15             THE COURT:  All right.  Attorney Moskow.
16             ATTY. MOSKOW:  Yes, Your Honor.  As part of her
17        review of company documents for purposes of
18        determining whether analysis of data should've been
19        provided to the FDA, we're going to go through
20        company documents, like the core company datasheet,
21        clinical trial protocol, but also internal company
22        emails that reflect how the company was assessing key
23        issues in this litigation and the fact that they were
24        not disclosed to the FDA.
25             THE COURT:  Well, I just don't see how 13-
26        4(b)(3) is satisfied by a generic statement that
27        there were documents produced as exhibits to

1       depositions that were relied upon when, you know,
2       it's not as though the record is small.  And to the
3       extent the entire MDL record is now part of our
4       record, I don't see how a generic reference like that
5       which appears in paragraph 8E is sufficient under our
6       rule to give BI notice of what Dr. Plunkett relied
7       upon vis-à-vis deposition exhibits that are not
8       otherwise identified with any particularity.
9            So to the extent I've just stated a ruling, I
10      mean, that's the principle that's going to drive the
11      admissibility of exhibits that fall within that
12      category.
13           ATTY. MOSKOW:  I understand the Court's ruling.
14      I just want make sure that I understand this one part
15      of it which is that it will be applied to the
16      defendant's experts as well.
17           THE COURT:  Of course.  I mean, it goes both
18      ways.  If they can't identify something with
19      particularity in their experts' report or deposition
20      testimony, then it's not going to come in.
21           ATTY. MOSKOW:  So to be very clear, at Dr.
22      Mann's deposition she was specifically asked which
23      deposition testimony she relied on.  She could not
24      recall, we asked her to produce a list, no list has
25      been produced.  Our position is going to be that Dr.
26      Mann cannot speak about any deposition testimony that
27      was not disclosed at her deposition.

1    THE COURT: Well, we'll cross Dr. Mann's bridge
2    when we get to it. But the rule applies both ways.
3    ATTY. MOSKOW: Thank you, Your Honor.
4    ATTY. HALPERIN: Yes, Your Honor.
5    THE COURT: All right?
6    ATTY. HALPERIN: Just one issue we wanted to
7    raise quickly before we bring the jury in. We were
8    produced some demonstrative exhibits that we
9    understand --
10   ATTY. MOSKOW: Your Honor, this is not an issue.
11   They told me they objected, I said there's no need to
12   bring it to the Court. This is ridiculous, it really
13   is.
14   ATTY. HALPERIN: I did not understand there was
15   no need to bring it to the Court. If there's no need
16   to bring it to the Court, we can address it -- I
17   just -- I don't want to have to send the jury away to
18   deal with demonstrative exhibits if we can get
19   through it now.
20   ATTY. MOSKOW: I asked which ones were
21   acceptable, they told me which ones were acceptable,
22   I said okay.
23   THE COURT: All right. So then anything else
24   before Sarah goes and gets the jury?
25   Attorney Imbroscio.
26   ATTY. IMBROSCIO: Yes, very quickly, thank you,
27   Your Honor. This is on the 110 issue. We certainly

```
NO:  X03-HHD-CV16-60607796S        :    SUPERIOR COURT

GERALYNN BOONE, ET AL              :    JUDICIAL DISTRICT
                                        OF HARTFORD

v.                                 :    AT HARTFORD, CONNECTICUT

BOEHRINGER INGELHEIM               :    FEBRUARY 28, 2018
PHARMACEUTICALS, INC., ET AL
```

C E R T I F I C A T I O N

     I hereby certify the electronic version is a true and correct transcription of the audio recording of the above-referenced case, heard in Superior Court, Judicial District of Hartford, Connecticut, before the Honorable Ingrid L. Moll, Judge, and a jury, on the 28th day of February, 2018.

     Dated this 1st day of February, 2018, in Hartford, Connecticut.

                                                 \_\_\_\_\_Tammy Mullett_____
                                                 Tammy Mullett
                                                 Court Recording Monitor