# EXHIBIT 8

```
NO:  CPL-HHDCV16-6067874-S         :   SUPERIOR COURT

GALLAM, MARY LOU                   :   JUDICIAL DISTRICT HARTFORD

v.                                 :   AT HARTFORD, CONNECTICUT

BOEHRINGER INGELHEIM               :   APRIL 19, 2018
PHARMACEUTICALS, INC. ET AL
```

**(AFTERNOON SESSION ONLY)**

BEFORE THE HONORABLE LISA MORGAN, JUDGE

A P P E A R A N C E S:

Representing the Plaintiff:

    ATTORNEY NEAL MOSKOW
    Uri & Moskow, LLC
    883 Black Rock Turnpike
    Fairfield, CT. 06825

    ATTORNEY RUSSELL ABNEY
    Ferrer, Poirot, Wansbrough,
    Feller, Daniel, Abney & Linville
    2100 River Edge Parkway Suite 720
    Atlanta, GA. 30328

    ATTORNEY C. ANDREW CHILDERS
    Childers, Schlueter & Smith, LLC.
    1932 N. Druid Hills #100
    Atlanta, GA. 30319

Representing the Defendant:

    ATTORNEY PHYLLIS A. JONES
    ATTORNEY DAVID SNEED
    Covington & Burling, LLP.
    850 Tenth Street, NW
    Washington, DC. 20001

    ATTORNEY ORLANDO R. RICHMOND, SR.
    Butler Snow, LLP.
    1020 Highland Colony Parkway Suite 140
    Ridgeland, MS. 39158

    ATTORNEY MICHAEL IMBROSCIO
    One City Center
    850 Tenth Street, NW
    Washington, D.C.  20001

    Recorded By:
    Selvyn Valencia

    Transcribed By:
    Selvyn Valencia
    Court Recording Monitor
    101 Lafayette Street
    Hartford, CT. 0610

1         *Since such patients would be exposed to higher*
2         *dabigatran concentrations or would have a greater*
3         *predisposition to bleeding episode or both.*
4    And then in the discussion on renal function, they
5    specifically say:
6         *Thus, even in a population exposed to relatively*
7         *high concentrations of dabigatran, the 150 milligram*
8         *dose had a superior benefit/risk profile*.
9    So we don't think it's accurate to say that this was
10   a document that the FDA generated without considering
11   plasma concentrations.  This is really our concern
12   about the (phonetic) issue, Your Honor.  There's a
13   suggestion that the FDA didn't have full capacity to
14   evaluate all these issues based on the PK PD data
15   that was submitted to it in connection with the
16   Pradaxa NDA.
17        The second issue is Dr. Plunkett said repeatedly
18   yesterday, and I'm not sure that she said it today,
19   but certainly yesterday, 150 is too much.  She must
20   have said it three times, it wasn't more, and did so
21   in connection with documents that specifically refer
22   to the 110 milligram dose.  We think we are within
23   our rights to cross examine her using a paper from
24   the regulatory agency responsible for Pradaxa in the
25   United States that looked at that specific question
26   and reached a different conclusion.
27        ATTY. MOSKOW:  Your Honor, it would it be all

1        the stand and then attacking it with Beasley because
2        that's not what Dr. Plunkett has testified to.
3                ATTY. JONES:  Could I just say two things, Your
4        Honor?
5                THE COURT:  You can.
6                ATTY. JONES:  I'm not sure I fully understood
7        all of that, but frankly it's an argument on the
8        merits.  We're having a discussion about to what
9        extent we can use this paper within the confines of
10       Your Honor's earlier ruling without opening the door
11       on the path forward.  If they want to respond to put
12       whatever Mr. Abney just said, I may be within their
13       rights to do that.  But I don't think that that's
14       responsive to the specific question of whether or not
15       we can refer to these portions in cross examination
16       with Dr. Plunkett given what she's testified about.
17       Now, repeatedly on the 150 being too much for certain
18       groups of patients.
19               THE COURT:  No more. With respect to 5366, I
20       will allow use of this document as redacted with the
21       exception that the paragraph in the third column on
22       first page beginning 'most people would agree',
23       that's come out.  The rest of it can be used in cross
24       examination.
25               And this does not open the door to path forward.
26        I'll say that again, for the second time.
27               ATTY. JONES:  And just so I understand Your