# EXHIBIT 10

```
HHD CV16-6067874-S                    :    SUPERIOR COURT FOR THE

MARY LOU GALLAM                       :    HARTFORD JD

v.                                    :    AT HARTFORD

BOEHRINGER INGELHEIM                  :    APRIL 19, 2018
PHARMACEUTICALS, INC., et al
```

**(MORNING SESSION ONLY)**

```
    B E F O R E

        THE HONORABLE LINDA MORGAN, JUDGE,
                AND A JURY

    A P P E A R A N C E S

    FOR THE PLAINTIFF:
        URY & MOSKOW, LLC
        833 BLACK ROCK TURNPIKE
        FAIRFIELD, CT
            BY: NEAL MOSKOW, ESQ
        FERRER POIROT, PC
        2100 RIVEREDGE PKY #1025
        ATLANTA, GA
            BY: RUSSELL ABNEY, PHV
        CHILDERS SCHLUTER
        1932 NORTH DRUID HILLS #100
        ATLANTA, GA
            BY: ANDREW CHILDERS, PHV

    FOR THE DEFENDANT:
        COVINGTON & BURLING, LLP
        ONE CITY CENTER
        850 TENTH STREET NW
        WASHINGTON, DC
            BY: PHYLLIS JONES, PHV
                MICHAEL IMBROSCIO, PHV
        BUTLER SNOW
        1020 HIGHLAND COLONY PKY
        RIDGELAND, MS
            BY: ORLANDO RICHMOND, PHV

        SHIPMAN & GOODWIN
        ONE CONSTITUTION PLAZA
        HARTFORD, CT
            BY: PATRICK FAHEY, ESQ


                                    JOHN McILHONEY
                                    COURT MONITOR
```

1    limiting instruction about the 110, which I know
2    was done immediately after the opening instructions
3    in the Boone case.  So we discussed it off the
4    record.  I'm anticipating it.  Let me know if you
5    want that to be done at a certain point in time.
6         ATTY. JONES:  Yes.  We anticipate -- I mean,
7    just again, in the spirit of no surprises, our
8    expectation is that we'll ask for it after Dr.
9    Plunkett is completed --
10        THE COURT:  After.
11        ATTY. JONES:  -- because we could get it and
12   then we'll see more documents with the same issues.
13   So we were hoping to do it after she was
14   finished.
15        THE COURT:  I agree with the defense:  that
16   you are entitled to cross-examine her on portions
17   of the Beasley FDA article, because the Beasley
18   article is directly contrary to her opinion that
19   the European label says something about the 150
20   dose.  It goes to that issue.
21        So I agree you're entitled to interpose a
22   defense with respect to that.
23        The question is upon which documents can you
24   rely to do that in cross-examination?  With respect
25   to the slide and the transcript, I think the
26   defense is reading it too broadly, the public
27   records exception.  The public records exception

1  relates to things like birth certificates, marriage
2  certificates, death certificates.  It doesn't
3  relate to uncertified transcripts of public
4  hearings, in my opinion.  It doesn't go that far.
5  I think you're reading that too broadly.
6      So 570 -- 5785 and 5793, the Court finds, does
7  not fall within the public records exception of the
8  hearsay rule.  And so they cannot be permitted
9  under that provision.
10      With respect to the Beasley article, however,
11  I do think that it can -- it is proper for
12  cross-examination without opening the door to the
13  path forward argument.  I know you're going to
14  argue that next.  So I'm giving you a heads up,
15  I've already thought about it -- without opening
16  it, as long as it's limited to particular issues.
17  I don't believe the entire article comes in.  I
18  believe under the case of *Fillipelli v. St. Mary's*
19  *Hospital*, which is a 2015 case, portions of the
20  article that don't relate specifically to the
21  issues that are raised on cross-examination should
22  be redacted from the article.  Because I think the
23  article says too much.  It says some things that
24  are relevant and should be brought up in
25  cross-examination, but it says too much with regard
26  to the 110.
27      So with respect to the admissibility of the